PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2010 Nissan Sentra struck a hole on Interstate 64 between Dunbar and Nitro, Kanawha County. 1-64 is a public road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:15 p.m. on January 26,2011. There had been heavy sleet-like rain on the day of the incident and 1-64 was covered in water. At the time of the incident, Claimant was driving westbound on 1-64 between Dunbar and Nitro. Claimant testified that she was driving approximately 60 miles per hour when her vehicle struck a large hole in her lane. Claimant stated that she saw the hole seconds before her vehicle struck it and she had could not avoid it. According to Claimant, after her vehicle struck the hole it began pulling to the right so she took this Nitro exit, and, by the time she parked her vehicle, the right front tire was deflated. As a result of this incident, Claimant’s vehicle sustained damage to right front tire and rim requiring their replacement in the amount of $487.09. Claimant’s insurance declaration sheet indicates that her collision deductible is $500.00.
It is Claimant’s position that Respondent knew or should have known about the hole on 1-64 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain 1-64 prior to the incident.
The position of the Respondent is that it did not have actual or constructive notice of the condition on 1-64 at the time of the incident. Respondent presented no witnesses.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to taire corrective *248 action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the condition on 1-64. Since a large hole in the travel portion of a high volume road created a hazard to the traveling public, the Court finds Respondent negligent.
In view of the foregoing, it is the opinion of the Court of Claims that the Claimant should be awarded the sum of $487.09
Award of $487.09.